FLORENCE HINTON, as Administratrix of the Estate of JAMES HINTON, Deceased, Plaintiff, *v.* LONG ISLAND RAILROAD COMPANY, Defendant and Third Party Plaintiff. RUBEL CORPORATION, Third Party Defendant.

Supreme Court, Special Term, Kings County, February 16, 1949.

*Leo M. Brimmer* for third party defendant.

*Lewis C. Leighton* for plaintiff.

*Louis J. Carruthers* for defendant and third party plaintiff.

POWERS, J. Rubel Corporation, sued as a third party defendant by the original defendant, the Long Island Railroad Company, moves to vacate a notice served upon it by the latter for an examination before trial. According to the allegations of the complaint plaintiff's intestate (who was an employee of Rubel Corporation) sustained injuries resulting in his subsequent death when a cable attached to a winch, by means of which he was moving coal cars, snapped and struck him. Defendant, Long Island Railroad Company, is sued as the owner of the freight yards and equipment, but in a third party complaint impleading Rubel it alleges that the latter was actually in control thereof as lessee and that Rubel is liable over to it by virtue of an express covenant of indemnity in such lease.

Pursuant to the provisions of section 288 of the Civil Practice Act, "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action   *   *   *."

The third party plaintiff urges that, inasmuch as its lessee, Rubel, was in actual control of the "operation described in plaintiff's complaint" and inasmuch as it, the third party plaintiff, is without knowledge of the actual circumstances surrounding the accident, such third party plaintiff "must have this examination before trial to properly prepare for the trial and in order to properly prove its case against the third party defendant in the event a recovery is had against it".

Examination of the pleadings, however, does not support such view but makes it evident that the information sought would be of value to the third party plaintiff in its defense to

plaintiff's negligence complaint but would have no bearing on the issues in the third party complaint against the third party defendant springing from contract. Under the latter the relevant issues would be a recovery against the third party plaintiff by the plaintiff and the establishment of the lease and the third party defendant's liability under the asserted indemnity provision thereof.

The proposed examination is not " material and necessary " in the " prosecution or defense of the action " as between the third party plaintiff and the third party defendant.

Motion to vacate, accordingly, is granted but without prejudice to the right of the third party plaintiff to seek an examination of any witness upon a showing of special circumstances.